UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

C.A. NO. 04-11434-NMG

DYER CONSTRUCTION, INC.,

    Plaintiff

v.

WAREHAM CONSERVATION
COMMISSION AND TOWN OF
WAREHAM,

    Defendants

ANSWER

The Defendants Wareham Conservation Commission and Town of Wareham hereby answer the numbered allegations of the Complaint as follows:

PARTIES

1. The Defendants are without information sufficient to either admit or deny the allegations contained in Paragraph 1 of the Complaint.

2. Admitted that the Defendant Wareham Conservation Commission is a municipal board of the Town of Wareham.

3. Admitted.

4. Admitted.

5. Admitted.

JURISDICTION

6. Paragraph 6 is a statement of jurisdiction to which no response is deemed necessary.

7. Paragraph 7 is a statement of venue to which no response is deemed necessary.

## FACTS

8. Admitted.

9. Admitted.

10. Admitted that plaintiff submitted with its Notice of Intent a subsurface sewage disposal system plan dated January 5, 2004.

11. Admitted.

12. Denied.

13. Denied.

14. Admitted that the Defendant Conservation Commission's written Order of Conditions, dated February 10, 2004, was mailed to plaintiff on February 24, 2004. Further answering that said Order of Conditions referenced in Paragraph 14 of the Complaint speaks for itself.

15. Admitted that the Defendant Conservation Commission's written Order of Conditions, dated February 10, 2004, was mailed to plaintiff on February 24, 2004, and that the Commission disapproved plaintiff's application under the Wareham Wetland Protective By-law. Further answering that said Order of Conditions referenced in Paragraph 15 of the Complaint speaks for itself.

16. Denied, as no exhibits are attached to the Complaint.

17. Denied.

18. Denied.

19. Denied.

## COUNT I

20. – 23. In Answer to Paragraphs 20.-23. of the Complaint, which constitute a claim in the nature of <u>certiorari</u>, Defendants will refer to the Record of Proceedings filed herewith, in accordance with G.L. c. 249, §4. To the extent that responses are required to Paragraphs 20. -23., the Defendants state as follows.

20. The Defendants hereby restate their responses to Paragraphs 1.-19. of the Complaint and incorporate them by reference herein.

21. Denied.

22. Admitted that plaintiff's proper avenue of appeal is pursuant to G.L. c. 249, §4.

23. Denied.

## COUNT II

24. The Defendants hereby restate their responses to Paragraphs 1.-23. of the Complaint and incorporate them by reference herein.

25. Denied.

26. Denied.

## COUNT III

27. The Defendants hereby restate their responses to Paragraphs 1.-26. of the Complaint and incorporate them by reference herein.

28. Denied.

29. Denied.

## DEFENSES

### FIRST DEFENSE

The Complaint is barred by the applicable statute of limitations.

## SECOND DEFENSE

Counts II and III of the Complaint fail to state claims upon which relief may be granted as against the Defendants.

## THIRD DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted because it misstates applicable law and/or required legal elements and alleges facts which do not support causes of action under valid legal theories.

## FOURTH DEFENSE

Plaintiff lacks standing to pursue its claims under Count III of the Complaint.

## FIFTH DEFENSE

Count III of the Complaint must be dismissed because it is not yet ripe for adjudication.

## SIXTH DEFENSE

At all times relevant hereto, the Defendants acted in good faith, within their lawful authority, and lawfully exercised their discretion regarding the matters alleged herein.

## SEVENTH DEFENSE

All claims of deprivations of the plaintiff's right to procedural due process under either the Fifth Amendment or analogous provisions of the state constitution must be dismissed because plaintiff has adequate post-deprivation remedies.

## EIGHTH DEFENSE

All claims of deprivation of the plaintiff's rights to substantive due process under either the Fifth Amendment or analogous provisions of the state constitution should be dismissed because plaintiff has failed to plead facts demonstrating that it has been denied

a liberty or property interest, and has failed to allege conscience-shocking behavior on the part of the Defendants.

## NINTH DEFENSE

All claims of deprivations of the plaintiff's right to procedural due process under either the Fifth Amendment or analogous provisions of the state constitution must be dismissed because plaintiff has failed to identify a protected property interest of which it has been deprived.

## TENTH DEFENSE

The actions and conduct of the Defendants did not violate any clearly established constitutional or Federal statutory rights of which they reasonably should have been aware, and they are therefore entitled to qualified immunity.

## ELEVENTH DEFENSE

The plaintiff has failed to state a claim upon which relief may be granted regarding the constitutionality of the Wareham Wetland Protective By-law under either the federal or state constitutions, as said By-law bears a real and substantial relation to the public health, safety and welfare.

## TWELFTH DEFENSE

Plaintiff is not entitled to recovery under Count III because it has not been deprived the use of its property as a whole, mere diminution of value is not a taking, and plaintiff is not entitled to compensation for denial of rights it never held, under either the Fifth Amendment or analogous provisions of the state constitution.

## THIRTEENTH DEFENSE

Rejection of a development project under the circumstances of this case does not implicate substantive due process under either the Fifth Amendment or analogous provisions of the state constitution.

## FOURTEENTH DEFENSE

All claims that the Wareham Wetland Protective By-law violates the Equal Protection Clause to the Fourteenth Amendment or analogous provisions of the state constitution must be dismissed as plaintiff has not identified a fundamental right or suspect classification implicated by the By-law.

## FIFTEENTH DEFENSE

The Wareham Wetland Protective By-law is not arbitrary, unreasonable, discriminatory, vague or indefinite and does not violate either the state or federal constitutions.

## SIXTEENTH DEFENSE

The Defendants state that all or substantially all of the claims made by the plaintiff are wholly insubstantial, frivolous and not advanced in good faith and, as a result, the Defendants are entitled to reasonable counsel fees as well as other costs and expenses incurred in defending against such claims pursuant to G.L. c.231, § 6F.

WHEREFORE, the Defendants demand that the plaintiff's Complaint be dismissed, that judgment be entered in favor of said Defendants, and that said Defendants be awarded their costs and reasonable attorney fees.

## JURY DEMAND

The Defendants respectfully demand a trial by jury on all claims so triable.

DEFENDANTS WAREHAM CONSERVATION COMMISSION AND TOWN OF WAREHAM,

By their attorneys,

Kathleen E. Connolly (BBO# 558706)
Michele E. Randazzo (BBO# 564906)
Kopelman and Paige, P.C.
Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

226343/WARH/0194

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 7/21/04